**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Larry TAYLOR, Defendant—Appellant.**

No. 03–30520.
D.C. No. CR–03–209–C–EJL.

United States Court of Appeals,
Ninth Circuit.

Argues and Submitted Aug. 6, 2004.

Decided Aug. 27, 2004.

---

Nancy D. Cook, Office of the U.S. Attorney, Coeur d'Alene, ID, for Plaintiff-Appellee.

Christina L. Hunt, Federal Public Defender's Office, Spokane, WA, for Defendant-Appellant.

Before HALL, CALLAHAN, Circuit Judges, and BERTELSMAN,* District Judge.

## MEMORANDUM**

Defendant Larry Taylor appeals the district court's denial of his motion for judgment of acquittal following his conviction for five counts of theft pursuant to 18 U.S.C. §§ 661 and 1153.[1]

Taylor's argument that the government failed to prove the essential element of his status as an "Indian" is without merit. Taylor does not dispute that the government produced evidence that he is of Sioux lineage; that he was "socially recognized" as an Indian; that he was raised on the Nez Perce Reservation and returned to live there as an adult; and that he had family members on the reservation with whom he was linked both in lineage and in social relations. Proof of these factors is sufficient to establish by circumstantial evidence Taylor's status as an "Indian." *See, e.g., United States v. Keys*, 103 F.3d 758, 761 (9th Cir.1996); *Duro v. Reina*, 851 F.2d 1136, 1144 (9th Cir.1987), *rev'd on other grounds*, 495 U.S. 676, 110 S.Ct. 2053, 109 L.Ed.2d 693 (1990).

Therefore, the district court did not err in denying Taylor's motion for judgment of acquittal.

**AFFIRMED.**

---

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. 18 U.S.C. § 1153(a) criminalizes various offenses committed by an Indian against another Indian, specifically incorporating the felony theft provision found in 18 U.S.C. § 661.